IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALISON HARDIMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 18 CV 05702 |
| VICTORIA A. LIPNIC, Chair of the U.S. Equal Employment Opportunity Commission, | ) ) Judge John J. Tharp, Jr. ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM OPINION AND ORDER**

The U.S. Equal Employment Opportunity Commission (EEOC) is the federal agency responsible for administering and enforcing civil rights laws against workplace discrimination. But *quis custodiet ipsos custodes*?[1] The answer, at least in this suit, is the plaintiff, Alison Hardiman, an EEOC employee who alleges that the agency discriminated against her based on her race and gender by promoting her but denying her the increased salary and support associated with the higher position. The EEOC has moved to dismiss Hardiman's amended complaint under Rule 12(b)(1) and 12(b)(6). The EEOC's motion is granted in part and denied in part: granted to the extent that Hardiman's claims rest on an alleged violation of the Equal Pay Act (29 U.S.C. § 206(d)), 42 U.S.C. § 1981, or the No FEAR Act (5 U.S.C. § 2301), and otherwise denied.

---

[1] Juvenal, *Satires*, Satire 6 (early second century). Commonly translated: "Who watches the watchmen?"

## BACKGROUND[2]

Alison Hardiman was hired by the U.S. Equal Employment Opportunity Commission (EEOC) on May 14, 2007. Am. Compl. ¶ 8, ECF No. 19. She is currently employed as a GS-9 Information Technology Specialist for the EEOC. *Id.* According to Hardiman, she was—at some unspecified point—selected for a promotion to a GS-11/12 Information Technology Specialist position. *Id.* at ¶ 11. The problem, however, is that she was not informed of the promotion (at least until more recently). *Id.* The result of this clandestine promotion is that "Hardiman works as a IT Specialist GS-11/12, but is paid a GS-9 salary." *Id.* Hardiman believes that the promotion was concealed from her due to her race and gender.

In addition to the inadequate pay, Hardiman alleges that she has been deprived of the institutional support and advancement opportunities properly due to her in the GS-11/12 position. Hardiman compares her experience to a previous GS-11/12—a White man, whereas Hardiman is an African American woman. *Id.* ¶ 10. The White male GS-11/12, she alleges, received "proper pay, assistance with his duties, perks, and was slotted into the GS-12 IT specialist position in less than a year." *Id.* Hardiman says she received no similar support. She alleges, for example, that on two separate occasions, she requested assistance with computer migrations, but received only one additional technician. *Id.* ¶ 13. The previous GS-11/12, by comparison, "received 9 additional technicians to assist" in his computer migrations. *Id.* Hardiman also "believes that she and other similarly situated African-American employees were routinely and disproportionately denied training opportunities," which disadvantaged them when seeking promotions. *Id.* ¶ 14.

---

[2] As with all motions to dismiss, the Court must accept all well-pleaded facts in the amended complaint as true and draw all permissible inferences in favor of the plaintiffs. *Agnew v. NCAA*, 683 F.3d 328, 334 (7th Cir. 2012).

Prior to bringing this suit, Hardiman filed a charge with the EEOC—serving, in this capacity, not as her employer but as the federal agency responsible for overseeing workplace discrimination claims. *Id.* ¶ 7. The EEOC issued a Final Order entering judgment against Hardiman and sent her a right to sue notice. *Id.* Hardiman filed suit on August 21, 2018.

## DISCUSSION

The EEOC has moved to dismiss Hardiman's amended complaint under both Rule 12(b)(1) and Rule 12(b)(6). A motion to dismiss under Rule 12(b)(1) challenges the Court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The party asserting jurisdiction bears the burden of proof. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003), *overruled on other grounds by Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012). Where, as here, the defendant issues a facial challenge to the sufficiency of the allegations regarding subject matter jurisdiction, the Court accepts all well-pleaded allegations as true and draws all reasonable inferences in favor of the plaintiff. *See Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443-44 (7th Cir. 2009).

The EEOC argues that the Court lacks jurisdiction over Hardiman's claim to the extent that it is premised on a violation of the Equal Pay Act ("EPA") because the United States has not waived sovereign immunity to suit in a district court for a claim premised on the EPA.[3] "It is

---

[3] In her response brief, Hardiman contends that her suit is against an individual, Victoria Lipnic, not the federal government and therefore does not run afoul of sovereign immunity. Even assuming that the EPA allows for individual (as opposed to employer) liability—a contested premise in this circuit, *see Finke v. Trustees of Purdue Univ.*, No. 1:12-CV-124-JD, 2014 WL 2938384, at *21 (N.D. Ind. June 30, 2014) (collecting cases)—it is quite clear that, despite her later protestation, Hardiman brought this suit against Lipnic in her official capacity. Hardiman's amended complaint does not allege any actions taken by Lipnic or otherwise personally implicate Lipnic in any way. In other words, Hardiman has not pleaded a claim against Lipnic in her individual capacity and her entire amended complaint would be subject to dismissal on that basis.

axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Because the Equal Pay Act does not contain a specific jurisdiction-granting waiver of sovereign immunity, EPA claims against the federal government must satisfy the jurisdictional requirements of a pre-existing waiver of sovereign immunity—the Tucker Act, 28 U.S.C. § 1346(a)(2) and 28 U.S.C. § 1491. *See Barnes v. Levitt*, 118 F.3d 404, 410 (5th Cir. 1997); *Huddleston v. Donovan*, 524 F. Supp. 179, 182 (N.D. Ill. 1981); *Schrader v. Tomlinson*, 311 F. Supp. 2d 21, 25 (D.D.C. 2004) (stating that "it is well established" that EPA claims must satisfy the jurisdictional requirements of the Tucker Act). The "Big Tucker Act," § 1491, provides jurisdiction over non-tort claims for money damages to the Court of Federal Claims, whereas the "Little Tucker Act," § 1346(a)(2), provides concurrent jurisdiction over a more limited set of such claims to district courts. Perhaps intuitively, the Little Tucker Act limits district court jurisdiction to smaller claims—those "not exceeding $10,000 in amount." 28 U.S.C. § 1346(a)(2); *see also Clark v. United States*, 691 F.2d 837, 840 (7th Cir. 1982) ("Without a statutory waiver, the district courts have no jurisdiction over a claim for damages against the United States, and the Tucker Act bars their jurisdiction over claims like these in excess of $10,000.") (internal citations omitted).

Hardiman's EPA claim does not specify an amount of monetary relief sought, but that cannot save her. Omission on this question is fatal: it is Hardiman's burden to plead allegations

---

As a result, the Court construes the claim as against Lipnic in her official capacity as Chair of the EEOC. Because suits against federal officers in their official capacity operate as suits against the United States, Hardiman cannot escape the sovereign immunity argument. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985) ("Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" (quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n.55 (1978))).

sufficient to establish subject matter jurisdiction. *See Bell v. U.S. Army*, No. C/A 3:07CV03523-GRA, 2008 WL 4680568, at *4 (D.S.C. Oct. 21, 2008) (collecting cases and stating, "the Court is persuaded by the numerous courts that have held that the plaintiff bears the burden of demonstrating that his claims do not exceed the $10,000 in damages required for concurrent district court jurisdiction"). *Cf. Republic Franklin Ins. v. Cmty. Consol. Sch. Dist. 168*, No. 03 C 3439, 2003 WL 22901258, at *2 (N.D. Ill. Dec. 8, 2003) ("Jurisdiction cannot be based on guesswork; a party must plead necessary jurisdictional facts such as citizenship and the amount in dispute." (citing *Boggs v. Adams*, 45 F.3d 1056, 1059 n.7 (7th Cir. 1995))). As a result, to the extent that Hardiman's claim rests on an alleged violation of the EPA, it must be dismissed for lack of subject matter jurisdiction.[4]

Hardiman's attempts to invoke 42 U.S.C. § 1981 and the Notification and Federal Employer Anti-discrimination and Retaliation Act ("No FEAR Act"), 5 U.S.C. § 2301, fare no better. Because the Tucker Act "does not create any substantive right enforceable against the United States for money damages," jurisdiction under its terms requires reference to an additional

---

[4] Hardiman's EPA claim is dismissed without prejudice. Hardiman may file a second amended complaint that properly alleges jurisdiction over the EPA claim by waiving relief in excess of $10,000. *See Goble v. Marsh*, 684 F.2d 12, 15 (D.C. Cir. 1982) ("From the outset courts have permitted plaintiffs to remain in District Court under the Tucker Act even if their damages exceed $10,000 in amount, as long as they waive any claims in excess of $10,000."); *United States v. Park Place Assocs., Ltd.*, 563 F.3d 907, 927 (9th Cir. 2009) ("Parties may waive their right to receive more than $10,000 in order to satisfy the Little Tucker Act and obtain jurisdiction in the district court."). The Court chooses to provide Hardiman the opportunity to amend rather than transfer the claim to the Court of Federal Claims because transfer would inevitably result in dismissal under 28 U.S.C § 1500. *See Philbert v. United States*, 779 Fed. App'x 733, 735-36 (Fed. Cir. 2019) (referencing 28 U.S.C § 1500 and finding "the Court of Federal Claims 'has no jurisdiction over a claim if the plaintiff has another suit for or in respect to that claim pending against the United States or its agents'" (quoting *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 311 (2011))).

federal statute that confers a "substantive right to recover money." *United States v. Testan*, 424 U.S. 392, 398, 407 (1976) (finding that the Court of Federal Claims lacked jurisdiction over claims brought pursuant to the Classification Act and the Back Pay Act because neither "creat[ed] a substantive right in the respondents"). *See also United States v. Mitchell*, 463 U.S. 206, 216 (1983) ("Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act.").

Neither § 1981 nor the No Fear Act pass this "substantive right" test. In *Brown v. General Services Administration*, the Supreme Court found that § 1981 provided no remedy for employment discrimination by the federal government because, by expanding Title VII coverage, Congress intended to create an "exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination." 425 U.S. 820, 829 (1976).[5] Accordingly, the federal courts lack jurisdiction over a claim by a federal employee to the extent that it rests on an alleged violation of § 1981. *See, e.g., Washington v. O'Rourke*, No. 17 CV 8290, 2018 WL 3659354, at *2 (N.D. Ill. Aug. 2, 2018) (dismissal for lack of subject matter jurisdiction over § 1981 claim asserted by federal employee). *See generally Brown*, 425 U.S. at 829, 835 (Title VII provides exclusive administrative and judicial remedies for discrimination against federal employees).

---

[5] Clearly, subject matter jurisdiction is not an issue as to Hardiman's claim to the extent that it is premised on Title VII. It is well established that Title VII's comprehensive remedial scheme vests district courts with jurisdiction over claims of alleged violations of its provisions. *See Loeffler v. Frank*, 486 U.S. 549, 559 (1988) ("Thus, in enacting § 717, Congress simultaneously provided federal employees with a cause of action under Title VII and effected a waiver of the Government's immunity from suit.").

As to the No FEAR Act, courts have consistently found that the statutory text "does not create a private right of action." *Hearne v. Jones*, No. 15 C 3513, 2015 WL 3798113, at *2 (N.D. Ill. June 18, 2015). Most do so in terms of concluding that the absence of a private right of action necessarily implies an absence of subject matter jurisdiction. *See, e.g., Semmes v. United States*, 2009 WL 10688451, *5 (N.D. Ala. Mar. 31, 2009); *Mallard v. Brennan*, 2015 WL 2092545, *9 (D. ME May 5, 2015); *Midyett v. Henley*, 2012 WL 13169817, *1 (D. Ark. Oct. 29, 2012); *see also Glaude v. United States*, 248 F. App'x 175, 177 (Fed. Cir. 2007) ("[T]he No FEAR Act is not a money mandating statute, and it does not provide the Court of Federal Claims with [Tucker Act] jurisdiction over Glaude's claims."). The Seventh Circuit has repeatedly held, however, that the existence of a private right of action is not jurisdictional. *See, e.g., Planned Parenthood of Indiana, Inc. v. Commissioner of Indiana State Dep't of Health*, 699 F.3d 962, 983-84 (7th Cir. 2012) (question of whether Supremacy Clause supplies a right of action held not jurisdictional); *Townsel v. DISH Network L.L.C.,* 668 F.3d 967, 970 (issue of whether statute grants a private right of action may be bypassed because it is not jurisdictional); *Bertrand ex rel. Bertrand v. Maram*, 495 F.3d 452, 457-58 (7th Cir. 2007) ("A private right of action is not a component of subject-matter jurisdiction."). Even if non-jurisdictional—because the claim still arises from a federal statute— the lack of a private right of action spells dismissal—because in asserting that statute, a private individual cannot state a claim on which she is entitled to relief. That is the problem facing Hardiman's claim to the extent she is trying to support it by invoking the No FEAR Act and, jurisdictional or not, it cannot succeed and is therefore dismissed with prejudice.

The EEOC has also moved to dismiss Hardiman's Title VII claim under Rule 12(b)(6). To survive a motion to dismiss for failure to state a claim upon which relief can be granted, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that

7

is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the plaintiff has pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A plaintiff does not need "detailed factual allegations," but must plead more than "labels and conclusions" and "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

Hardiman's amended complaint does not offer a great deal of factual detail, but the EEOC does not challenge the sufficiency of the pleading to state a plausible claim for relief based on Title VII. Rather, it seeks dismissal on two procedural grounds: first, the EEOC argues that Hardiman failed to exhaust her administrative remedies because she did not contact an EEO counselor within 45 days of the events at issue; second, the EEOC argues that the suit is untimely because Hardiman did not file her complaint within 90 days of receiving her right to sue notice from the EEOC.

Both arguments raise affirmative defenses under Title VII. As to the first, Title VII regulations provide that "federal employees who want to file discrimination claims with the Equal Employment Opportunity Commission (EEOC) must contact an EEO counselor 'within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action.'" *Lapka v. Chertoff*, 517 F.3d 974, 981 (7th Cir. 2008) (quoting 29 C.F.R. § 1614.105(a)(1)). The "counseling requirement," however, is enforced as a "statute of limitations rather than a jurisdictional prerequisite." *Id*. It is, therefore, an affirmative defense and generally not proper for resolution at the pleading stage. *U.S. Gypsum Co. v. Indiana Gas Co.*, 350 F.3d 623, 626 (7th Cir. 2003) (stating that the "statute of limitations" is an "affirmative defense[ ]" and "[c]omplaints need not anticipate or attempt to defuse potential defenses"); *see also Salas v. Wisconsin Dep't of Corr.*, 493 F.3d 913, 921 (7th Cir. 2007) ("Filing

8

a timely charge with the EEOC is not a jurisdictional prerequisite to suit in federal court; rather, it is an affirmative defense akin to administrative exhaustion."). Resolution is proper at this stage only if the litigant "plead[s] [herself] out of court by alleging (and thus admitting) the ingredients of a defense" *U.S. Gypsum Co.*, 350 F.3d at 626. Here, Hardiman has not pleaded the date of the events at issue or the date that she consulted with the EEO counselor. Contrary to the EEOC's assertion that Hardiman "cannot avoid" a failure to exhaust her administrative remedies "by omitting the actual date of the alleged promotion in her amended complaint," that is precisely what she can do.[6]

The EEOC cannot alter this outcome by looking beyond the amended complaint. At the pleading stage, the Court "must consider not only 'the complaint itself,' but also 'documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice.'" *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019-1020 (7th Cir. 2013) (quoting *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n. 1 (7th Cir.2012)); *see also Smith v. Rosebud Farmstand*, 909 F. Supp. 2d 1001, 1004 (N.D. Ill. 2012) ("It is well-established that a court may consider documents that are concededly authentic, referenced in a plaintiff's complaint, and central to a plaintiff's claims, even if those documents are not attached to the complaint."). Relevant here is the Final Order, which, in addition to rejecting Hardiman's EEOC charge and providing notice of her right to sue, sets out a timeline of events.

---

[6] If a suit is not vulnerable to dismissal "only because the complaint omits the date at which the statutory period began to run," however, and "the date is incontestable," a prompt summary judgment motion may be appropriate. *See Tregenza v. Great Am. Commc'ns Co.*, 12 F.3d 717, 719 (7th Cir. 1993) (stating that plaintiff has no burden to plead facts relevant to an affirmative defense but defendant can supply them in a summary judgment motion if they are incontrovertible).

This document—which is referenced in the amended complaint (as an intended, though missing, attachment) and attached to the Motion to Dismiss—is properly before the Court.

What is not proper, however, is the EEOC's attempt to supplement Hardiman's amended complaint by citing statements contained in the Final Order as fact. *See* Mem. Sup. Mot. Dismiss at 3 ("Hardiman's amended complaint centers on a GS-11/12 promotion opportunity in January 2011. Exhibit A (Final Order) at 3."). Admitting a document as part of the pleadings does not entail crediting its description of the underlying events as true; here, the agency's findings are not binding on this Court and do not constitute "facts" that this Court can accept in ruling on a motion to dismiss. *See*, *e.g.*, *Silverman v. Bd. of Educ. of City of Chicago*, 637 F.3d 729, 732 (7th Cir. 2011), *overruled on other grounds by Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760 (7th Cir. 2016) (Congress chose "to give the parties a right to de novo review by district courts of the merits of charging parties' discrimination claims, so that 'the fact-finder is a district judge rather than an administrative agency hearing officer.'" (quoting *Tulloss v. Near North Montessori School, Inc.*, 776 F.2d 150, 152 (7th Cir. 1985))); *Fore v. Bostik Findley, Inc.*, 149 F. App'x 513, 515 (7th Cir. 2005) ("[S]tate administrative proceedings have no preclusive effect on employee's Title VII claims in federal court.").

The exception permitting the Court to consider documents on a Rule 12(b) motion is a "narrow" one, intended for "cases interpreting, for example, a contract." *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998). "It is not intended to grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment." *Id*. But that is precisely what the EEOC does by requesting that the Court attribute significance to the timeline provided by the Final Order. *See Gale v. Hyde Park Bank*, 384 F.3d 451, 452 (7th Cir. 2004). ("[A]ttributing significance to the emails should have led the judge to convert the Bank's motion

10

to one for summary judgment, as Rule 12(b) itself provides. What actually happened should be resolved by summary judgment or trial, not by decision on the pleadings."). Even if the Court construes the document as an attachment to Hardiman's amended complaint, the statements need not be taken as true. Rather, "[t]he plaintiff's purpose in attaching an exhibit to his complaint determines what assertions if any in the exhibit are facts that the plaintiff has incorporated into the complaint." *Guzell v. Hiller*, 223 F.3d 518, 519 (7th Cir. 2000); *see also Gale*, 384 F.3d at 452 ("[T]he plaintiff may tell the court what his adversary has said without throwing in the towel."). Therefore, the Court considers the Final Order and right to sue notice for Hardiman's intended purpose only: indicating that she satisfied that particular condition precedent for bringing a Title VII suit (though even that limited purpose was not required at the pleading stage). Hardiman has not, through the complaint itself or the documents referenced therein, pleaded herself out of court and the EEOC's administrative exhaustion argument, based on the pleadings, is therefore premature.

In the alternative, the EEOC argues that Hardiman's suit was untimely. "A civil action alleging a Title VII violation must be filed within 90 days of receiving a right-to-sue notice from the EEOC." *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 849-50 (7th Cir. 2001) (citing 42 U.S.C. § 2000e-5(f)(1)). Unless delay is the plaintiff's fault, the 90-day period begins upon plaintiff's receipt of the notice, not EEOC's issuance. *See St. Louis v. Alverno College*, 744 F.2d 1314, 1316-17 (7th Cir. 1984). Like the above, "[a] defendant's argument that a discrimination claim is untimely because it was filed outside the 90–day statute of limitations is [ ] an affirmative defense." *Del Korth v. Supervalu, Inc.*, 46 F. App'x 846, 848 (7th Cir. 2002). Also like the above, Hardiman has not pleaded herself out of court by alleging the date the notice was issued or received. Even assuming, however, that unlike the above, the Court may consider facts from the

Final Order and right to sue notice relevant to this argument, it still fails. The relevant fact provided in the right to sue notice is the date (May 21, 2018) on which Hardiman's right to sue was issued. The EEOC argues that because Hardiman filed suit on August 21, 2018—91 days after May 21, 2018—Hardiman was "one day late." Mem. Sup. Mot. Dismiss at 4. But the operative date is the day the notice was received and neither the right to sue notice nor the complaint speak to that date.[7] And absent an established date of receipt, there is a presumption that letters are received five days from the mailing date. *See Loyd v. Sullivan*, 882 F.2d 218, 218 (7th Cir. 1989) (per curiam) ("[U]nless proven otherwise, the receipt date is presumed to be five days from the mailing date."); *see also Bobbitt v. Freeman Companies*, 268 F.3d 535, 538 (7th Cir. 2001) (holding, in the Title VII statute of limitations context, that "[t]he law presumes timely delivery of a properly addressed piece of mail"). At this juncture, then, the Court presumes that Hardiman received the notice on May 26, 2018, rendering her suit timely.

    The EEOC responds by pointing out that Hardiman's notice was also e-mailed to her on May 21, 2018, and asserts unconvincingly that e-mails should be presumed received when sent— "asserts" because the EEOC does not provide any authority or support for it (the lone cite, Federal Rule of Civil Procedure 5(b)(2)(E) (governing electronic service), is inapposite); "unconvincingly" because it doesn't comport with the logic of the original presumption. Presumably, the five days includes some amount of time, after sending, for delivery and some amount of time, after delivery, for receipt (that is, to learn of the delivery and to review the document). Even accounting for e-mail's (near) instantaneous delivery, the logic of the

---

[7] To argue otherwise, the EEOC cites to Hardiman's original complaint, but "[i]t is axiomatic that an amended complaint supersedes an original complaint and renders the original complaint void." *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004).

presumption still requires time for receipt. If that amount of time is even one day, Hardiman's complaint was timely. Notwithstanding the fact that many lawyers are glued to their e-mail capable smartphones, the logic of the original presumption warrants an allowance of at least one day for receipt of an e-mail. As a result, assuming without finding that e-mail warrants a modified presumption, Hardiman's complaint was nonetheless timely.

Finally, the EEOC asserts that, as a federal agency, it is not subject to punitive damages. The Commission's position is noted, but the argument is premature. Punitive damages are a remedy not an independent claim. *Estate of Bain v. Transamerica Life Ins. Co.,* 2018 WL 3328005, *4 (E.D. Wis. July 6, 2018) ("[P]unitive damages are a remedy, not the basis for a freestanding cause of action."). Accordingly, a prayer for punitive damages is not subject to dismissal pursuant to Rule 12(b)(6). The EEOC may renew its argument in connection with summary judgment and/or trial.

\*   \*   \*

For the reasons stated above, the EEOC's motion to dismiss Hardiman's claim is granted in part and denied in part—granted without prejudice to the extent that the claim rests on a theory of liability premised on a violation of the Equal Pay Act, granted with prejudice to the extent that the claim rests on a theory of liability premised on a violation of 42 U.S.C. § 1981 or the No FEAR Act, and otherwise denied.

Date: April 22, 2020

John J. Tharp, Jr.
United States District Judge